SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART  7810-0
735 Bishop Street, Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Fax. 1 (866) 772-9407
Email: showalaw@hawaii-bengoshi.com

Attorney for Plaintiff
MARI PREM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MARI PREM, | ) | Civil No. 20-399 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | COMPLAINT; SUMMONS; |
| vs. | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| WING SPIRIT, INC., a Hawaii Corporation; TEIJIRO HANDA, Individually; PROSERVICE PACIFIC LLC, a Hawaii Limited Liability Company; DOE DEFENDANTS 1 -20; DOE CORPORATIE ENTITIES 1-20, | ) | |
| Defendants. | ) | |

**COMPLAINT**

Comes now Plaintiff, MARI PREM, by and through her attorney, SHOWA LAW OFFICE, LLLC, and hereby files this Complaint, and alleges and avers the following causes of action against Defendants WING SPIRIT, INC; TEIJIRO HANDA;

PROSERVICE PACIFIC LLC; DOE DEFENDANTS 1 -20; and DOE CORPORATE ENTITIES 1-20 (hereinafter collectively "Defendants").

## THE PARTIES

1. Plaintiff MARI PREM ("Plaintiff") is and was at all times relevant a resident of the State Hawaii and was employed by Defendants WING SPIRIT INC. and PROSERVICE PACIFIC LLC.

2. Defendant WING SPIRIT, INC. ("Defendant Wing Spirit" or the "Company") is and was at all times relevant, a corporation incorporated in the State of Hawaii operating, a commercial aviation business and was Plaintiff's employer.

3. Defendant TEIJIRO HANDA ("Defendant Handa") is and was at all times relevant, a citizen of Japan and its chief executive officer, sole corporate officer, and sole director of the Company, as well as Plaintiff's supervisor.

4. Defendant PROSERVICE PACIFIC LLC ("Defendant ProService") is and was at all times relevant, a limited liability company organized in the State of Hawaii, operating a human resources company and was Plaintiff's employer.

5. DOE DEFENDANTS 1 – 20 and DOE CORPORATE ENTITIES 1 - 20 (collectively referred to herein as "DOE

DEFENDANTS" or "other presently unidentified Defendants) are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with Defendants or were the agents, principals, partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or licensors of Defendants or were in some manner presently unknown to Plaintiff, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or wrongful manner which was a proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

6. This Honorable Court has federal subject matter jurisdiction over the subject matter of the within action pursuant

to 28 U.S.C. Section 1331 as certain claims in the present lawsuit arise out of Title VII of the Civil Rights Act of 1964. This Honorable Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. Section 1367.

7.  The U.S. District Court of Hawai'i is the appropriate venue for this action inasmuch as the causes of action alleged herein accrued in the State of Hawai'i.

## FACTUAL ALLEGATIONS

8.  Plaintiff began working for the Company in Honolulu, Hawaii on or about February 3, 2020 as an Administrative Assistant.

### A.  Daily Sexual Questions by Defendant Handa

9.  Between February 3, 2020 through May 31, 2020, Defendant Handa would practically, on a daily basis, make the following comments to Plaintiff in Japanese, in his office, or the designated smoking area of the office building, where the Company was located:

- The reason you and your husband don't get along is because you don't put in the effort.
- Why don't you have sex (with your husband)?
- When is the last time you had sex (with your husband)?

- Isn't it because you're not good at sex?

- You should seduce your husband yourself.

- You don't want to have sex with him? Then have sex with me.

- Do you masturbate? How many times a week? Do you climax?

- You can either let me smell your feet or let me have sex with you. Which is it?

10. When Plaintiff would not answer Defendant Handa's question(s) or evade answering his question(s), Defendant Handa would confront her the following day, insisting she answer his question(s) from the previous day.

11. Almost every day, when Defendant Handa would go downstairs to the designated smoking area in the office building to have a cigarette, he would require Plaintiff to accompany him, where he would ask the above-described questions and/or similar questions, repeatedly.

B. **March Report of Sexual Harassment By Co-Worker**

12. Upon information and belief, in or about March 2020, one of the other employees of the Company filed a sexual harassment complaint against the Company, arising out of conduct by Defendant Handa, which placed Defendant Wing

Spirit and Defendant ProService on notice about sexual harassment in the workplace allegedly perpetrated by Defendant Handa.

### C. The April 2020 Meetings

13. In or about the month of April 2020, the Company held approximately ten (10) meetings in Defendant Handa's office, as well as in the Company's large conference room.

14. The purpose of the above-referenced meetings was to discuss the fact that the stretcher inside one of the Company's aircrafts would have to be reduced in height in order to pass the safety inspection conducted by the State of Hawaii, Department of Health.

15. During these meetings, Defendant Handa would frequently draw a diagram of the interior of the aircraft on a whiteboard, which everyone in the meeting could see.

16. During these meetings, Defendant Handa would use the diagrams to discuss how the Company could reduce the height of the stretcher.

17. When Defendant Handa drew a picture of the aircraft, he would draw a picture of the patient being carried on a stretcher.

18. When Defendant Handa drew a picture of a patient, he drew large breasts and a large belly on the patient and would label the patient as "Mari" or label the body part as "Mari's belly."

19. As this was extremely humiliating, Plaintiff would always politely ask Defendant Handa to stop doing this.

20. Defendant Handa would laugh out loud while drawing and discussing the diagram, which included a sexualized depiction of Plaintiff.

### D. The May 18, 2020 Pau Hana Incident

21. On or about May 18, 2020, the Company had a "pau hana" (after work party where alcohol was consumed) in the Company's large conference room.

22. During the pau hana, Defendant Handa asked Plaintiff whether she was hot because she appeared to be sweating in her under-arm area.

23. Plaintiff was wearing a grey sweater at the time and responded to Defendant Handa that she was feeling a little hot.

24. Defendant Handa then demanded that Plaintiff show him her under-arm in front of co-workers; Plaintiff refused.

25. Defendant Handa kept insisting that Plaintiff show him her under-arm despite Plaintiff's refusal to do so.

26. While Plaintiff repeatedly refused, she relented after several more times of Defendant Handa demanding that Plaintiff show him her under-arm (so he would stop asking her the same question repeatedly in front of co-workers).

27. Defendant Handa began laughing and demanded that he be allowed to photograph Plaintiff's under-arm area.

28. Defendant then proceeded to photograph Plaintiff's under-arm area using his cell phone, without her consent.

**E.   The May 29, 2020 Company Party Incident**

29. On or about May 29, 2020, the Company had a party in an open area in front of the Company's conference room.

30. Defendant Handa proceeded to talk about Plaintiff's private life in Japanese and had a bilingual co-worker translate his comments into English so everyone could understand what was being said.

31. Defendant Handa then proceeded to demand that he be allowed to smell Plaintiff's feet; Plaintiff refused.

32. When Plaintiff refused, Defendant. Handa kept insisting, by saying: "Come on! Let me smell them. Why not? Why don't you want to?"

33. Plaintiff responded that it would be embarrassing for Defendant to smell her feet, especially in front of her co-workers.

34. Mr. Handa continued, saying "Come on! It's just your feet. Are your feet that smelly? Is that why you won't let me smell them?"

35. On or about May 29, 2020, Defendant Handa promoted Plaintiff from "Administrative Assistant" to "Director of Human Resources" and promised her a raise.

**F.     The June 8, 2020 Incidents**

36. On or about June 8, 2020, the following incident took place in the office at approximately 10:17 a.m.

37. During a Company meeting, Defendant Handa explained that the interior of the aircraft the Company was using was too small because there was a weight limit for any patients being transported on the aircraft.

38. Defendant Handa suggested that the Company should purchase an aircraft that could accommodate larger patients like Plaintiff.

39. Plaintiff asked Defendant Handa to stop making comments referencing her body and body weight.

40. Later that same day, Defendant Handa repeated the same comments, making reference to the fact that the aircraft must be able to accommodate fat people like Plaintiff.

41. On the same day, Plaintiff received a telephone call from Defendant Handa at approximately 4:47 p.m. saying that a certain employee wanted to quit.

42. Defendant Handa asked Plaintiff to address the matter.

43. Plaintiff asked Defendant Handa if it was alright for her to speak directly to said co-worker regarding the situation.

44. Apparently, Defendant Handa wanted Plaintiff to discuss the situation with said employee's boss, rather than with said employee directly.

45. Defendant Handa became irate that Plaintiff did not understand what he meant and began yelling at her over the phone saying: "I'm going to kill you!"

46. After Plaintiff got off the call, she broke down in tears.

**G.   June 9, 2020 Incident**

47. On or about June 9, 2020, the following incident took place in the Company office at approximately 11:15 a.m.

48. Defendant Handa commented that Plaintiff's husband didn't like her because of her unfriendly facial demeanor (based

on previous comments made by Defendant Handa, Plaintiff understood this to have a sexual overtone).

49. Defendant Handa said that unless Plaintiff changed her facial demeanor, he would also start disliking her.

50. Later the same day at approximately 8:45 p.m., Defendant Handa, again, told Plaintiff that she would have to either let him have sex with her or let him smell her feet.

51. Defendant Handa said Plaintiff needed to answer him quickly and no later than the next day.

**H.   June 10, 2020 Incident**

52. On or about June 10, 2020, Defendant Handa brought up the subject again, saying that Plaintiff must either let him have sex with me or let him smell her feet.

53. Defendant Handa stated that, unless, Plaintiff let him have sex with her or let him smell her feet, Plaintiff would have to quit her job with the Company.

54. Defendant Handa kept asking Plaintiff what her choice was.

**I.   June 15, 2020 Demotion**

55. On or about June 15, 2020, the Company informed Plaintiff that she was demoted back to Administrative Assistant

and that she needed to return any pay she received as a result of her earlier promotion.

56. The Company also denied Plaintiff the pay raise Defendant Handa previously promised her.

## COUNT I

## SEXUAL HARASSMENT/DISCRIMINATION IN VIOLATION OF 42 U.S. CODE § 2000E–2

57. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

58. Defendant Wing Spirit discriminated against Plaintiff, in violation of the Title VII of the Civil Rights Act of 1964, by subjecting her to a hostile work environment on account of her gender.

59. Defendant Wing Spirit discriminated against Plaintiff, in violation of the Title VII of the Civil Rights Act of 1964, by subjecting her to quid pro quo sexual harassment when Defendant Handa conditioned Plaintiff's continued employment on having sex with him and by demoting Plaintiff after she opposed Defendant Handa's request for sex.

60. Defendant Wing Spirit discriminated against Plaintiff, in violation of the Title VII of the Civil Rights Act of 1964, by

failing to take corrective action to prevent/rectify sexual harassment in the workplace by Defendant Handa, notwithstanding the fact that Defendant Wing Spirit had prior actual and/or constructive knowledge of Defendant Handa's discriminatory conduct towards Plaintiff and/or other female employees.

61. As a result of the unlawful discrimination and harassment Plaintiff was subjected to by Defendant Wing Spirit and, Plaintiff has incurred damages in amounts to be proven at trial.

## COUNT II

## UNLAWFUL SEXUAL DISCRIMNATION/HARASSMENT IN VIOLATION HAWAII REVISED STATUTES SECTION 378-2

62. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

63. Defendant Wing Spirit discriminated against Plaintiff, in violation of Hawaii Revised Statue Section 378-2, by subjecting her to a hostile work environment on account of her gender and by subjecting her to quid pro quo sexual harassment.

64. Defendant Wing Spirit discriminated against Plaintiff, by violating Hawaii Revised Statue Section 378-2, by subjecting

her to quid pro quo sexual harassment when Defendant Handa conditioned Plaintiff's continued employment on having sex with him and by demoting Plaintiff after she opposed Defendant Handa's request for sex.

65. Defendant Wing Spirit and Defendant ProService discriminated against Plaintiff, in violation of the Hawaii Revised Statue Section 378-2, by failing to take corrective action to prevent/rectify sexual harassment in the workplace by Defendant Handa, notwithstanding the fact that Defendant Wing Spirit and Defendant ProService had prior actual and/or constructive knowledge of Defendant Handa's discriminatory conduct towards Plaintiff and/or other female employees.

66. Defendant Handa and Defendant ProService violated Hawaii Revised Statue Section 378-2(3) by aiding and abetting unlawful sexual harassment described above.

67. Defendant Wing Sprit and Defendant ProService are strictly vicariously liable for Defendant Handa's sexual harassment, pursuant to Haw. Admin Rules Rule 12-46-175(d).

68. As a result of the unlawful discrimination and harassment Plaintiff was subjected to by Defendant Wing Spirit, Defendant ProService, and Defendant Handa, including but not

limited to, aiding and abetting sexual harassment, Plaintiff has incurred damages in amounts to be proven at trial.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

69. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

70. Defendant Handa's comments and actions of a sexual nature, as more fully described above were intentional and reckless.

71. Defendant Handa's comments and actions of a sexual nature, as more fully described above were outrageous and beyond all bounds of decency.

72. Defendant Handa's comment to Plaintiff on or about June 8, 2020, that he was going to kill her, was intentional or reckless.

73. Defendant Handa's comment to Plaintiff on or about June 8, 2020, that he was going to kill her was outrageous and beyond all bounds of decency.

74. As a proximate and substantial cause of Defendant Handa' intentional infliction of emotional distress, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT IV

## INVASION OF PRIVACY BASED ON UNREASONABLE PUBLICITY

75. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs

76. By demanding that Plaintiff show him her under-arm in front of co-workers and taking a photograph of her under-arm, without Plaintiff's consent, on or about May 18, 2020, Defendant Handa gave publicity to a matter concerning Plaintiff's private life, which was highly offensive, and not a legitimate concern to the public, resulting in an invasion of Plaintiff's privacy.

77. By proceeding to to talk about Plaintiff's private life in Japanese and have a bilingual co-worker translate his comments into English so everyone could understand what was being said, on or about May 29, 2020, Defendant Handa gave publicity to a matter concerning Plaintiff's private life, which was highly offensive, and not a legitimate concern to the public, resulting in an invasion of Plaintiff's privacy.

78. As a proximate and substantial cause of Defendant Handa' invasion of privacy, Plaintiff has suffered damages in an amount to be proven at trial.

## PUNITIVE DAMAGES

79. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

80. By engaging in the above-described actions or omissions, Defendants acted wantonly or oppressively, or with such malice, as implies a spirit of mischief or criminal indifference to civil obligations or with that entire want of care which would raise the presumption of a conscious indifference to consequences.

81. As a result of Defendants' aforementioned conduct, Plaintiff is entitled to punitive damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor against all Defendants as follows:

A. For judgment in its favor on each and every count as alleged against the Defendants claimed herein, and presently unidentified Defendants, jointly and/or severally, in the type of relief or amount of damage set forth therein of for such amount as may be proven at trial.

B. For special damages against Defendants and presently unidentified Defendants, and each of them, jointly and severally, in an amount to be proven at trial, including but not limited to, back pay and front pay.

C. Plaintiff be awarded further special, general, and/or consequential damages.

D. Punitive damages as may be proven at trial.

E. Plaintiff be awarded all costs of suit, including reasonable attorney's fees and costs, interest, all costs of investigation, and such other and further relief as the Court deems equitable in the premises.

DATED: Honolulu, Hawaii, September 22, 2020

/s/ *Andrew Daisuke Stewart*
_____
ANDREW DAISUKE STEWART
SHOWA LAW OFFICE, LLLC
Attorney for Plaintiff
MARI PREM