IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARI PREM,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WING SPIRIT INC., *et al.*,<br><br>　　　　Defendants. | CIVIL NO. 20-00399 JAO-RT<br><br>ORDER GRANTING DEFENDANT TEIJIRO HANDA'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE |

**ORDER GRANTING DEFENDANT TEIJIRO HANDA'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

In this Title VII action, Plaintiff Mari Prem ("Plaintiff"), employed by Defendant Wing Spirt, Inc. ("Wing Spirit"), alleges that Defendant Teijiro Handa ("Handa") sexually harassed and discriminated against her. Handa seeks dismissal for lack of subject matter jurisdiction and for failure to state a claim.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. For the following reasons, the Court GRANTS Handa's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 41.

1

# BACKGROUND

### A.  Factual History

Plaintiff began working for Wing Spirit on February 3, 2020 as an administrative assistant.  ECF No. 11 ¶ 8.  She alleges that between February 3, 2020 and May 31, 2020, Handa asked her questions of a sexual nature on a near daily basis.  *Id.* ¶ 9.  He then propositioned her until mid-June 2020, demanding that she let him smell her feet or have sex with him, or quit her job.  *Id.* ¶¶ 31–34, 50, 52–53.  Handa also purportedly embarrassed Plaintiff at company meetings by ridiculing her weight and body and labeling sexualized drawings with her name and body parts.  *Id.* ¶¶ 18–20, 38, 40.  In other instances, Handa allegedly mistreated Plaintiff by yelling at her for mishandling an employee resignation and, at a pau hana, by pointing out her sweaty underarms in front of co-workers and taking photos without her consent.  *Id.* ¶¶ 22–28, 41–45.

On May 29, 2020, Handa promoted Plaintiff to Director of Human Resources, and promised her a raise.  *Id.* ¶ 35.  A couple of weeks later, on June 15, 2020, Wing Spirit demoted her to her original position and directed her to return any pay received from her promotion.  *Id.* ¶ 55.

### B.  Procedural History

Plaintiff commenced this action on September 22, 2020.  ECF No. 1 ("Compl.").  The same day, she filed a First Amended Complaint ("FAC").  ECF

No. 11. She invoked federal question jurisdiction and supplemental jurisdiction. *Id.* ¶ 6. The FAC asserts the following claims: Count I — sexual harassment and discrimination in violation of Title VII; Count II — sexual discrimination and harassment in violation of Hawaiʻi Revised Statutes § 378-2; Count III — intentional infliction of emotional distress; and Count IV — invasion of privacy based on unreasonable publicity. *Id.* ¶¶ 57–78.

On November 3, 2020, Plaintiff, Wing Spirit, and Handa stipulated to dismiss all claims against Defendant ProService Pacific LLC without prejudice. ECF No. 20.

On October 7, 2021, the parties stipulated to dismiss with prejudice all claims against Wing Spirit. ECF No. 33.

Handa filed the present Motion on February 10, 2022. ECF No. 41. Plaintiff filed an Opposition on February 23, 2022. ECF No. 45.

## LEGAL STANDARDS

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint. *See* Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to FRCP 12(b)(1) may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). A facial attack

challenges the sufficiency of the allegations contained in a complaint to invoke federal jurisdiction, while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

**B.    Rule 12(b)(6)**

FRCP 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted). Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice. *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *See id.* As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original).

If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

## DISCUSSION

**A.  Title VII Claim**

Handa argues that the Title VII claim must be dismissed because Title VII does not impose individual liability on employees. ECF No. 41 at 4. Plaintiff concedes that there is no individual liability under Title VII. ECF No. 45 at 2.

Indeed, a cause of action against employees or supervisors cannot be maintained under Title VII. *See Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("Title VII does not provide a separate cause of action against supervisors or co-workers." (citations omitted)); *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995) ("Under Title VII there is no personal liability for employees, including supervisors[.]" (citation omitted)).  The Title VII claim is therefore DISMISSED because Handa — the sole remaining Defendant — is not subject to individual liability.

**B.     Subject Matter Jurisdiction**

In light of the dismissal of the Title VII claim, federal question jurisdiction no longer exists.  Accordingly, Plaintiff must have another jurisdictional basis to maintain her remaining claims in federal court, all of which arise under state law.

Handa contends that Court should decline to exercise supplemental jurisdiction over the state law claims.  ECF No. 41 at 4–5.  Handa also asserts that diversity jurisdiction is lacking because Plaintiff has not demonstrated that the amount in controversy exceeds $75,000.00 and both he and Plaintiff were residents of Hawaiʻi at all relevant times.  *Id.* at 6.  Plaintiff counters that because Handa, as a non-resident alien, is not treated as a citizen of a state, the parties are diverse for the purposes of 28 U.S.C. § 1332 unless constitutional considerations — precluding diversity of citizenship between permanent resident aliens and non-

6

resident aliens — override the diversity statute. ECF No. 45 at 2–3. Plaintiff further claims that she can establish that the amount in controversy exceeds $75,000.00. *Id.* at 5–7.

1. **Plaintiff Has Not Established Diversity Jurisdiction**

Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Diversity jurisdiction also exists between:

> citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]

28 U.S.C. § 1332(a)(2).

Plaintiff's pleadings do not identify diversity of citizenship as a basis for jurisdiction. *See* Compl. ¶ 6; ECF No. 11 ¶ 6. She raises it for the first time in response to the Motion. Assuming this belated assertion of diversity jurisdiction is even proper, the Court finds that diversity jurisdiction does not exist.

Neither party has evaluated diversity jurisdiction correctly. Although federal courts have diversity jurisdiction over actions between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), "diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994). "To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted).

Plaintiff is a citizen of Japan who has been a permanent resident of the United States residing in Hawaiʻi since 2011. ECF No. 46 ¶¶ 2–3. Handa, also a Japanese citizen, has been living in Hawaiʻi under a business visa. ECF No. 41 at 6. Notwithstanding her permanent resident status,[1] Plaintiff is not a U.S. citizen for the purposes of diversity jurisdiction. *See* H.R. Rep. No. 112-10 at 7 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580, 2011 WL 484052, at *7 ("[S]ection 101

---

[1] Plaintiff's status as a permanent resident would only factor into the diversity jurisdiction inquiry if Handa were a citizen of Hawaiʻi. *See* 28 U.S.C. § 1332(a)(2).

8

eliminates the resident alien proviso . . . along with its potential for jurisdictional expansion. By eliminating the proviso, resident aliens would no longer be deemed to be U.S. citizens for purposes of diversity jurisdiction, thereby avoiding the possibly anomalous results under paragraphs 1332(a)(1)–(3)."). Because Handa is a foreign citizen as well, there are foreign parties on both sides and diversity jurisdiction cannot exist. *See Arnhoelter v. Kaus*, No. CV-20-00403-PHX-JAT, 2020 WL 2303142, at *2 (D. Ariz. May 8, 2020) (concluding that jurisdiction is lacking under § 1332(a)(2) because there are foreign citizens on both sides).

### 2. The Court Declines To Exercise Supplemental Jurisdiction

Given the dismissal of the Title VII claim — the bases for original jurisdiction articulated by Plaintiff — and the absence of diversity jurisdiction, the Court now considers whether it should exercise supplemental jurisdiction over Plaintiff's remaining state law claims. A state law claim is part of the same case or controversy under Article III of the U.S. Constitution "when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted). Courts may decline to exercise supplemental jurisdiction over a state-law claim if:

>  (1) the claim raises a novel or complex issue of State law,
>
>  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>  (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Courts declining to exercise supplemental jurisdiction "must undertake a case-specific analysis to determine whether declining supplemental jurisdiction 'comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity.'" *Bahrampour*, 356 F.3d at 978 (brackets and citation omitted); *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). When "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotation marks and citation omitted) (alteration in original).

Here, considerations of judicial economy, convenience, fairness, and comity weigh in favor of declining jurisdiction over Plaintiff's state law claims. The Court is dismissing the only claim over which it had original jurisdiction and although the case has been pending for some time, it is still in its earliest stages and

no substantive matters have been addressed. There are no other factors compelling the Court to deviate from the common practice of declining supplemental jurisdiction when no federal claims remain. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. All remaining claims are HEREBY DISMISSED WITHOUT PREJUDICE.

Plaintiff asks the Court to dismiss the action subject to § 1367(d). ECF No. 45 at 7. Section 1367(d) tolls the statute of limitations "for any claim asserted under subsection (a)[2] . . . while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d); *see also Artis v. District of Columbia*, 583 U.S. __, 138 S. Ct. 594, 603 (2018) (identifying § 1367(d) as a tolling provision that "suspends the statute of limitations for two adjacent time periods: while the claim is pending in federal court and for 30 days postdismissal"); *Smith v. Davis*, 953 F.3d 582, 597 (9th Cir. 2020) (acknowledging that the proper reading of § 1367(d) is to suspend the statute of limitations and grant a 30-day grace period (citing *Artis*, 583 U.S. at __, 138 S. Ct. at 603–04)). Section 1367(d) plainly applies pursuant to its express

---

[2] When a district court has original jurisdiction in a civil action, subsection (a) confers "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," including "claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

terms, so the Court need not order that the dismissal of the state law claims be subject to it.

## CONCLUSION

For the reasons stated herein, the Court GRANTS Handa's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 41. Plaintiff's Title VII claim is DISMISSED for failure to state a claim and the Court declines to exercise supplemental jurisdiction over her state law claims, which are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, March 16, 2022.



Jill A. Otake
United States District Judge

Civil No. 20-00399 JAO-RT, *Prem v. Wing Spirit, Inc.*; ORDER GRANTING DEFENDANT TEIJIRO HANDA'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE